# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RONALD W. COLLINS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-01795-CDS-BNW<br><br>**ORDER**<br><br>(ECF No. 4) |

On October 26, 2022, *pro se* plaintiff Ronald Collins, an inmate in the custody of the Nevada Department of Corrections (NDOC), submitted a civil-rights complaint under 42 U.S.C. § 1983. (ECF No. 1). But Plaintiff has neither paid the full fee for filing a civil action nor applied for *in forma pauperis* status. Plaintiff has filed a notice stating that on October 31, 2022, he submitted a brass slip for $402 to pay the filing fee for this action. (ECF No. 4). The Court has not received any payment from the NDOC for Plaintiff. The Court construes the notice as a motion to extend the time for Plaintiff to either pay the filing fee or apply for *in forma pauperis* status. And the Court will grant Plaintiff that relief.

**I.     DISCUSSION**

The United States District Court for the District of Nevada must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $402, which includes the $350 filing fee and the $52 administrative fee. *See id.* at § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. Loc. R. LSR 1-1. *In forma pauperis* status does not relieve an inmate of his or her obligation to pay the filing fee, it just means that the inmate can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

To apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court:

1. A completed **Application to Proceed *in Forma Pauperis* for Inmate** (pages 1–3 of the Court's form) that is properly signed by the inmate twice on page 3;

2. A completed **Financial Certificate** (page 4 of the Court's form) that is properly signed by both the inmate and a prison or jail official; and

3. A copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

*See* 28 U.S.C. § 1915(a)(1)–(2); Nev. Loc. R. LSR 1-2. Plaintiff has not paid the filing fee for this action or applied to proceed *in forma pauperis*. However, as explained above, the Court construes Plaintiff's notice about submitting a brass slip as a motion to extend the time for him to either pay the filing fee or apply for *in forma pauperis* status.

II.     **CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's Notice (ECF No. 4) is construed as a motion to extend the time to either pay the filing fee or properly apply for *in forma pauperis* status, and that motion is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff has **until January 10, 2023** to either pay the full $402 filing fee or file a complete application to proceed *in forma pauperis* with all three required documents: (1) a completed application to proceed *in forma pauperis* with the inmate's two signatures on page 3, (2) a completed financial certificate that is signed both by the inmate and the prison or jail official, and (3) a copy of the inmate's trust fund account statement for the previous six-month period.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can file a complete application to proceed *in forma pauperis* or pay the required filing fee.

The Clerk of the Court is directed to send Plaintiff Ronald Williams the approved form application to proceed *in forma pauperis* for an inmate and instructions for the same and retain the complaint (ECF No. 5 (corrected image)) but not file it at this time.

DATED: November 10, 2022.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE