# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD W. COLLINS, | Case No. 2:22-cv-01795-CDS-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| NEVADA DEPARTMENT OF CORRECTIONS, *et al.*, | |
| Defendant. | |

Currently before the Court is Plaintiff Ronald Collins' Motion for Leave to File an Amended Complaint. ECF No. 18. Defendants Gollen Job, Julie Williams, and Joseph Swartz do not oppose Collins' request on substantive grounds.[1] Instead, they request that the Court screen Collins' proposed amended complaint. ECF No. 24.

In addition, Defendants request that the Order (at ECF No. 17) regarding acceptance for service be stayed until the Court determines whether Collins will be allowed to amend his complaint. ECF No. 25.

Given Defendants have not articulated a legal basis for the denial of Collins' motion, and because the Court is not obligated to screen Collins' complaint a second time, Collins' Motion for Leave to File an Amended Complaint will be granted. In addition, Defendants will be provided with additional time to comply with this Court's Order at ECF No. 17 regarding acceptance of service.

**<u>Analysis</u>**

On October 26, 2022, Collins filed a Complaint alleging various constitutional claims under 42 U.S.C. § 1983. ECF No. 9. After screening Collins' complaint, the Court permitted Collins to proceed on claims for excessive force, deliberate indifference to serious medical needs,

---

[1] Court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

and unsafe conditions of confinement in violation of the Eighth Amendment, retaliation in violation of the First Amendment, and for deprivation of due process in violation of the Fourteenth Amendment. ECF No. 8.

"There is no question that the [Prison Litigation Reform Act ("PLRA")] requires courts to engage in pre-answer screening of an inmate's complaint." *Olausen v. Murguia*, Case No. 3:13-cv-00388-MMD-VPC, 2014 WL 6065622, at *1. Indeed, the Court has already screened Plaintiff's original complaint for claims that are frivolous, malicious, or fail to state a claim upon which relief can be granted. ECF No. 8.

Once a complaint has survived screening, the need for additional screening is reduced. *See, e.g., Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (noting that the purpose of Section 1915 is to ensure that "the targets of frivolous or malicious suits need not bear the expense of responding"). Additionally, there is no requirement that courts continue to screen every amended complaint that is filed. *Olausen v. Murguia*, No. 3:13-CV-00388-MMD, 2014 WL 6065622, at *3 (D. Nev. Nov. 12, 2014) ("[T]he screening provision does not require a court, either explicitly or implicitly, to screen every time a plaintiff seeks to amend the complaint.").

Here, Defendants had an opportunity to oppose Collins' motion on substantive grounds if they thought Plaintiff's amended complaint was defective. They chose not to do so. Instead, they request the Court to do this work for them. The Court will not do so. As a result, the Court will grant Plaintiff's motion to amend. To the extent Defendants believe Collins' amended complaint suffers from any defects, they can file the appropriate motion to dismiss.

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (ECF No. 18) is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court shall detach and file ECF No. 18-1 as a separate entry on the docket.

///

///

///

IT IS FURTHER ORDERED that Defendants' Motion at ECF No. 25 is **GRANTED**. Defendants will have 21 days from the date of this Order to comply with ECF No. 17.

DATED: June 6, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE