UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Ronald W. Collins, | Case No. 2:22-cv-01795-CDS-BNW |
| Plaintiff, | **Order Resolving Pending Motions** |
| v. | [ECF Nos. 27, 32, 35, 41, 46, 51, 52, 59, 63, and 65] |
| Nevada Department of Corrections, et al., | |
| Defendants. | |

Incarcerated pro se plaintiff Ronald Collins brings this civil-rights case pursuant to 42 U.S.C. § 1983. Collins has filed a number of motions including two motions for a preliminary injunction (ECF Nos. 27, 53), a motion to voluntarily dismiss two of his claims for relief (ECF No. 32), a motion to retain jurisdiction (ECF No. 35), a motion to allow Collins to retain medical records in his cell (ECF No. 41), a motion to strike the Sanchez Declaration attached to one of the defendants' responses (ECF No. 46), two motions requesting injunctive relief in the form of an order requiring a defendant to file his exhibits (ECF Nos. 51, 62), a motion to supplement the complaint (ECF No. 59), and a motion to add defendants to the amended complaint (ECF No. 65). Defendants have filed a limited notice of appearance (ECF No. 11), filed responses to some motions, sought an extension of time to respond to the preliminary injunction requests (ECF No. 63), and not responded to others because the time to do so has not yet passed.

Having reviewed each of these motions, I find that they are suitable for disposition without oral argument. LR 78-1. I have also determined that I do not need a response to each motion to resolve most of them. For the reasons set forth in this order, I deny Collins' motions for preliminary injunction, grant his motion to voluntarily dismiss two claims for relief, deny his motion to strike, deny his motion for this court to retain jurisdiction over other actions that have been dismissed with prejudice, deny his motion to maintain records in his file and for his medical records to be filed unsealed, and deny his motions to amend and/or substitute parties in

the amended complaint. Further, I grant in part and deny in part defendants' motion to extend time to respond to Collins motion for preliminary injunction.

I.     Discussion

    A.    *Collins' motions for preliminary injunctions* (ECF Nos. 27, 51, 52)[1] *are denied.*

A preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). In order to succeed at obtaining an injunction a plaintiff must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 22 (2008)). The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). The last two factors merge when, like here, the government is opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). To obtain injunctive relief, the party "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). Stated otherwise, a plaintiff must seek injunctive relief related to the merits of their underlying claims.

Collins seeks various forms of relief across the three motions. In his first motion for a preliminary injunction, he asks that his court to order officials at High Desert State Prison to perform certain tasks related to his e-filing of documents related to this case. *See generally* ECF No. 27. The nature of his requested relief means Collins is seeking a mandatory injunction. "A mandatory injunction orders a responsible party to take action," and therefore "goes well beyond simply maintaining the status quo." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d

---

[1] Collins also moves for injunctive relief in a fourth motion that I do not address at this time. ECF No. 53. The defendants move for additional time to file a response to that motion. ECF No. 63. The motion to extend time to respond is granted in part and denied in part. I grant the extension, however, I advance the due date for a response to August 15, 2023.

873, 879 (9th Cir. 2009). Mandatory injunctions are "particularly disfavored." *Id*. That is why an even more stringent standard is applied where mandatory—as opposed to prohibitory—relief is sought. The Ninth Circuit has noted that while the same general principles inform the court's analysis for injunctive relief, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be **extremely cautious** about issuing a preliminary injunction." *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) (emphasis added).

I deny Collins' motion for injunctive relief (ECF No. 27). First, the relief he seeks is not related to the injury claimed in the amended complaint. This controversy involves allegations of civil-rights violations for activities that took place at High Desert State Prison and the allegation that certain defendants have breached a settlement agreement in separate matters.[2] A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Collins seeks a preliminary injunction addressing prison conditions and regulations to which he objects, namely those prohibiting inmates from keeping medical records in their cells. But these conditions and regulations are not part of the conduct underlying his complaint, unrelated to the alleged constitutional violations or any alleged breach of the agreement from the settlement cases. So they lack any nexus to establish a basis for injunctive relief in the present case.

Second, while Collins cites to some of *Winter* factors, he does not cite them all nor address them sufficiently to show he is entitled to the relief he seeks. Importantly, Collins fails to address the "irreparable harm" factor. A plaintiff must establish that he will likely suffer irreparable harm without the issuance of injunctive relief. *Winter*, 555 U.S. at 21. The motion fails to cite any authority that would permit the court to order HDSP to perform the functions Collins seeks by way of this motion, nor does he explain why he is unable to follow the established procedures for having documents e-filed.

---

[2] The other cases, hereinafter "the settlement cases," are 3:16-cv-00111-MMD-WGC, 3:17-cv-00417-MMD-WGC, and 3:18-cv-00329-MMD-CBC. As mentioned *supra* subsection C, I take judicial notice of these cases.

3

Collins' two other motions for injunctive relief (ECF Nos. 51, 52)[3] suffer similar deficiencies. In his motion titled an "objection" to the HDSP legal library actions (ECF No. 51), Collins contends he has been having problems receiving and/or electronically filing pleadings for this case. *See generally* ECF No. 51. Collins moves this court for an order directing the HDSP legal library supervisor to pick up his exhibits. *Id.* at 4. In his related motion asking that I order the HDSP legal supervisor to pick up exhibits in support of his preliminary injunction (ECF No. 52), Collins contends—without citation to specific legal authority—that I have the power to issue such an order pursuant to the All Writs Act. ECF No. 52 at 3. Both motions are essentially requests for mandatory injunctions, yet Collins neither cites nor addresses the *Winter* factors. Collins also does not mention his efforts to comply with the established procedure for filing documents or how HDSP has failed to comply with its own regulations. And finally, Collins fails to cite any points and authorities demonstrating he is entitled to the relief he seeks. Local Rule 7-2(d) provides, in relevant part, that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d). Collins' motions (ECF Nos. 51 and 52) are thus denied, as they lack the legal support demonstrating that he is entitled to injunctive relief.

B. *Collins' motion to voluntarily dismiss two claims for relief* (ECF No. 32) *is denied as moot.*

Collins moves to dismiss the claims he alleged in the original complaint for violations of the ADA and Rehabilitation Act. ECF No. 32. But, as he acknowledges in his motion, he did not bring those claims as part of his amended complaint. And "an amended complaint supersedes the original, the latter being treated thereafter as non-existent. In other words, the original pleading no longer performs any function[.]" *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). As his amended complaint already had the effect of extinguishing his ADA and Rehabilitation Act claims, I deny his motion for voluntary dismissal (ECF No. 32) as moot.

---

[3] ECF Nos. 51 and 52 are not titled motions for injunctive relief but I liberally construe them as such based on the type of relief Collins is seeking, namely, a court order instructing the defendants to take certain actions.

  C. *Collins' motion to retain jurisdiction* (ECF No. 35)[4] *is denied in part and granted in part.*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts lack jurisdiction "over disputes arising out of an agreement that produces" a stipulation to dismiss a case with prejudice, provided the dismissal order does not contain an ongoing-jurisdiction clause. *Id.* at 378. The court previously dismissed the settlement action with prejudice, an action that deprived it of jurisdiction. Accordingly, Collins' request that I find jurisdiction over the closed settlement action is denied.

However, mindful of my obligation to liberally construe a pro se party's pleadings, I construe his motion as also asking me to take judicial notice of the settlement case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed[.]"). A court can take judicial notice of material that is referenced extensively or relied upon by the complaint, as well as matters in the public record. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). As the settlement action both forms the basis of the plaintiff's complaint and is in the public record, I take judicial notice of its docket and orders entered therein.

  D. *Collins' motion to retain medical records in his cell and to avoid filing them under seal* (ECF No. 41) *is denied.*

As previously noted, AR 639.03(1) prohibits an inmate "from possessing any portion of their medical file on their person, in their cell, or on the yard." AR 639.03(1). Collins moves for this court to override that regulation, citing to the agreement from the settlement case that relied on an old, and now replaced, Administrative Regulation that permitted a litigant to keep certain medical records in their cell. *See* ECF No. 41 at 8–9 (discussing AR 639.02(8)). But that AR was superseded on July 27, 2021.[5] The most recent version of the same AR now provides that "[c]opies of an offender's health record will not be released directly to the offender while incarcerated and should be maintained in a separate file in the offender's medical records for attachment to pleadings when directed by the Attorney General's staff." Because Collins does

---

[4] Defendants were given additional time to file a response to this motion. A response is no longer needed.
[5] I take judicial notice of the newest version of the AR, which is available at https://doc.nv.gov/About/Administrative_Regulations/Administrative_Regulations_600_Series/ (last accessed on July 14, 2023).

not argue how the new administrative regulation interacts with his settlement agreement, his request to maintain his medical records in his cell is denied.

Collins also asks that his medical records not be filed under seal and affirmatively waives confidentiality of those records. *See* ECF No. 41 at 2 ("[P]laintiff waived any claim of confidentiality of his medical records."). Plaintiffs have a right to privacy in the confidentiality of their medical records. *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995). The right to privacy is not a recognized privilege, nor it is an absolute bar to discovery. Rather, the Ninth Circuit has recognized that the right to privacy is subject to the balancing of needs. *See Seaton v. Mayberg*, 610 F.3d 530, 539 (9th Cir. 2010). Here, the Nevada Department of Corrections (NDOC) has established administrative regulations that, in part, prevent inmates from accessing other inmates medical records. *See* AR 639.02(2) ("Offenders are only allowed access to their medical file, and will not be allowed access to any other offender's medical record."). Granting Collins requested relief would undermine the aforementioned AR. In balancing the needs of the parties, I find there is insufficient reason to undermine the AR. Collins still has access to his medical records. If he is denied access to the records after following the proper procedure to review them, he may file a motion with the court. Accordingly, Collins motion to have his medical records filed unsealed is denied.

E. *Collins' motion to strike an exhibit* (ECF No. 46) *is denied.*

Collins moves the court to strike Exhibit C attached to defendants' opposition to one of his motions for a preliminary injunction. ECF No. 46. He alleges that the exhibit, a declaration provided by non-party Omar Sanchez, is unsigned and therefore inadmissible. *Id.* But a review of Exhibit C reveals Sanchez's electronic signature affixed to the declaration. ECF No. 36-3 at 3. Collins' motion is therefore denied.

F. *Collins' motion to add in defendant "G-Job"* (ECF No. 59) *and to supplement allegations against defendant Rivas* (ECF No. 65) *are denied without prejudice.*

Although as previously noted, the court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although

we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Collins filed a motion advising the court that "G-Job" is still a defendant in this case. ECF No. 65. He argues that the screening order related to his original, now superseded, complaint identified G-Job as a defendant for his claim First Amendment retaliation. *Id.* at 2. But Collins did not list G-Job among the defendants in his amended complaint. ECF No. 29 at 2–4. And as I have mentioned, an amended complaint supersedes the original such that the original is treated as nonexistent.

I thus liberally construe Collins' motion as a motion to amend the amended complaint such that G-Job is re-added as a defendant. But Collins' motion advising that he wishes to include "G-Job" as a defendant is insufficient and his motion to amend the complaint to add him back in is denied without prejudice. If Collins wants to add a defendant, he must file a motion to amend the complaint and follow the rules set forth in Local Rule 15-1(a), which require the moving party to "attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to it in such pleading."

Collins also filed a motion to supplement the allegations against defendant Rivas (who was previously identified as a "John Doe" defendant). ECF No. 59. Collins may seek amended to the complaint, but again, he must comply with the rules when doing so. *See* LR 15-1(a). Accordingly, his motion to supplement is denied without prejudice.

If Collins chooses to file a motion to amend, the attached proposed complaint must be titled "Second Amended Complaint." The proposed Second Amended Complaint (SAC) must be filed within 30 days, comply with the Federal Rules of Civil Procedure, and state a cognizable claim for relief against each defendant. The SAC must be complete in itself and must not refer in any manner to any prior complaint. Furthermore, the SAC must not contain any claims or defendants previously dismissed without leave to amend and must not contain copied allegations which the court has previously adjudicated to be insufficient.

## II. Conclusion

IT IS HEREBY ORDERED THAT Collins' motions for injunctive relief (ECF Nos. 27, 51, 52) are denied.

IT IS FURTHER ORDERED THAT Collins' motion to voluntarily dismiss two claims for relief (ECF No. 32) is denied as moot.

IT IS FURTHER ORDERED THAT Collins' motion to retain jurisdiction (ECF No. 35) is denied in part and granted in part.

IT IS FURTHER ORDERED THAT Collins' motion to retain medical records in his cell and to avoid filing them under seal (ECF No. 41) is denied.

IT IS FURTHER ORDERED THAT Collins' motion to strike the Sanchez Declaration (ECF No. 46) is denied.

IT IS FURTHER ORDERED THAT Collins' motions to add defendant "G-Job" (ECF No. 59) and to supplement allegations against defendant Rivas (ECF No. 65) are denied without prejudice.

IT IS FURTHER ORDERED THAT defendants' motion to extend time to reply to the motion for preliminary injunction (ECF No. 63) is granted in part and denied in part. Additional time to respond is granted. Defendants have until August 15, 2023, to file a response to the motion.

DATED this 20th day of July 2023.

_____
Cristina D. Silva
UNITED STATES DISTRICT JUDGE