UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ronald Collins,

          Plaintiff

v.

Julie Williams, *et al.*,

          Defendants

Case No. 2:22-cv-01795-CDS-BNW

**Order Denying Plaintiff's Motion for Reconsideration & Striking Rogue Filings**

[ECF Nos. 71, 80, 86, 87, 88, 89, 90]

      Plaintiff Ronald W. Collins moves for reconsideration of my order denying his previous requests for relief. He also has filed a number of supplemental exhibits to his still-pending motion for a preliminary injunction. Because he does not address the appropriate legal standards for reconsideration, I deny his motion. And because he did not request leave of court to file supplemental exhibits, I strike his proposed supplemental evidence as violative of this district's local rules. I also warn him that future filings made in violation of this district's local rules could result in a prefiling order or other sanctions.

**I.    I deny Collins' motion for reconsideration.**

      Collins moves for reconsideration of my prior order denying some of his various requests for relief. ECF No. 71. He requests reconsideration of three parts of that order: my denial of three of his four motions for a preliminary injunction, my denial of his vague motion to retain jurisdiction, and my denial of his motion to retain medical records in his cell. *Id.* at 2–6. I address each in turn.

      I denied three of his four motions for a preliminary injunction because Collins did not address the factors described in *Winter v. Natural Resource Defense Council*, 555 U.S. 7 (2008). ECF No. 68 at 2–4. While his motion for reconsideration continues to argue the merits of his underlying position (*i.e.*, that High Desert State Prison law library staff refuse to file his

exhibits), Collins again fails to address the *Winter* factors in moving for reconsideration. As a preliminary injunction is "an extraordinary remedy never awarded as of right," *Winter*, 555 U.S. at 24, it would be improper for me to grant Collins injunctive relief without him demonstrating that he is entitled to it. *See Winter*, 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction **must establish** that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") (emphasis added). I further instructed Collins that he requests a mandatory injunction, which carries with it a higher standard, *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009), but he did not address that standard either. Collins' motion for reconsideration fails to connect his factual assertions to his legal burdens in moving for injunctive relief. I thus deny him reconsideration on this ground.

Collins also requests that I reconsider my decision not to enforce a contract—a settlement agreement between himself and some of the defendants—wherein the contract's choice-of-jurisdiction clause states that any party wishing to institute an enforcement action related to the contract must do so in the District of Nevada. ECF No. 71 at 4–5. But as I pointed out in my prior order, a court must first have jurisdiction over Collins' contractual claims for it to enforce the terms therein. ECF No. 68 at 5. Collins did not bring claims for breach of contract in this suit. *See generally* ECF No. 9. He brings civil rights claims under the Eighth and Fourteenth Amendments. *Id.* I thus lack jurisdiction—and Collins lacks the ability to request relief—over his claims that the parties are not adhering to the settlement agreement. *See Pac. Radiology Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court **does not have the authority to issue an injunction**.") (emphasis added). Collins' contractual claims are simply too disconnected from the civil rights claims in his complaint, and I lack the jurisdiction to resolve them. I thus deny him reconsideration on this ground.

1    Lastly, Collins requests consideration of my denial of his motion to retain his medical
2 records in his cell. ECF No. 71 at 6. His request is based on an order I issued in a different case.
3 Screening Order, ECF No. 3, *Paule v. Reeves*, 2:22-cv-01083-CDS-NJK (D. Nev. July 11, 2022). I
4 found there that "[b]ased on the nature of the allegations and the evidence [plaintiff] provided in
5 support of [his] injunctive-relief motion . . . [plaintiff's] ability to litigate his [] motion could be
6 enhanced if he had access to his medical records and a copy to keep in his cell." *Id.* Collins has
7 not made such a showing in this case; unlike the plaintiff in the case he cites, he has made no
8 demonstration that his lack of access to his own medical records are prohibiting him from
9 litigating his motion for a preliminary injunction. Collins' motion for reconsideration fails to
10 identify any legal error or change in law that supports his position, and so I deny him
11 reconsideration on this ground as well.

12 **II.    I strike Collins' proposed supplemental exhibits.**

13    Collins filed five supplemental exhibits to his motion for a preliminary injunction, ECF
14 No. 53, without requesting leave of court. "A party may not file supplemental pleadings, briefs,
15 authorities, or evidence without leave of court granted for good cause. The judge may strike
16 supplemental filings made without leave of court." LR 7-2(g). While Collins is unrepresented in
17 this matter, I remind him that "[p]ro se litigants must follow the same rules of procedure that
18 govern other litigants." *King v. Atieyh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by*
19 *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Furthermore, if he wishes to request leave
20 to file supplemental exhibits, each filing must conform with the local rules governing exhibits.
21 *See* LR IA 10-3. I thus strike his supplemental exhibits.

22 **III.   Collins is warned that future violations of this district's local rules could result in a**
23 **prefiling order and/or sanctions.**

24    Put simply, Collins has obstructed this litigation by filing a number of motions and
25 supplemental pleadings in violation of this district's local rules. "Flagrant abuse of the judicial
26 process cannot be tolerated because it enables one person to preempt the use of judicial time

that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). As I mentioned, while Collins is permitted some leeway in the form of his papers and the arguments that he makes as a pro se litigant, he is nonetheless required to follow procedural rules and have a legitimate basis for each of his filings. And despite being unrepresented, he is clearly familiar with operating within the judicial system. *See, e.g., Collins v. Bailey*, 2:23-cv-00490-RFB-VCF (D. Nev. 2023); *Collins v. Nev. Dep't of Corr.*, 2:21-cv-01515-JAD-NJK (D. Nev. 2021); *Collins v. Antonov*, 3:18-cv-00329-MMD-CLB (D. Nev. 2018); *Collins v. Aranas*, 3:17-cv-00417-MMD-WGC (D. Nev. 2017); *Collins v. Collins*, 3:16-cv-00111-MMD-WGC (D. Nev. 2016); *Collins v. Nev. Dep't of Corr.*, 3:13-cv-00255-RCJ-WGC (D. Nev. 2013); *Collins v. MacArthur*, 3:05-cv-00237-PMP-VPC (D. Nev. 2005); *Collins v. McDaniel*, 3:04-cv-00298-RCJ-VPC (D. Nev. 2004); *Collins v. McDaniel*, 3:03-cv-00289-HDM-RAM (D. Nev. 2003); *Collins v. Keller*, 3:01-cv-00244-DWH-RAM (D. Nev. 2001).

The local rules of this district permit me to sanction any party who fails to comply with them. LR IA 11-8(c). And if Collins' filings rise to the level of vexatiousness, I may impose a prefiling order constraining his ability to bring claims in this court. *See Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (describing conditions precedent to a prefiling order). I decline to impose punishment on Collins at this time, but I warn him that he must adhere to proper procedure in future filings.

### IV.   Conclusion

For the foregoing reasons, IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration **[ECF No. 71] is DENIED.**

IT IS FURTHER ORDERED that plaintiff's proposed supplemental exhibits **[ECF Nos. 80, 86, 87, 88, 89, 90]** are STRICKEN from the record.

DATED: August 2, 2023

_____
Cristina D. Silva
United States District Judge