# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Ronald W. Collins,

               Plaintiff

    v.

Nevada Department of Corrections, et al.,

             Defendants

Case No. 2:22-cv-01795-CDS-BNW

**Omnibus Order Resolving
Pending Motions**

[ECF Nos. 77, 105, 109, 115, 116, 117,
118, 119, 121, 123, 124, 126]

Incarcerated pro se plaintiff Ronald W. Collins brings this civil rights complaint pursuant to 42 U.S.C. § 1983. There are a number of motions pending in this matter: ECF Nos. 77, 105, 109, 115, 116, 117, 118, 119, 121, 123, 124, 126. This order resolves each of them.

## I.    Discussion

### A.    Motions related to Collins' motion for preliminary injunction.

Pending before this court is Collins' motion for preliminary injunction. ECF No. 53. Collins filed a motion for leave to file amended exhibits in support of his motion for preliminary injunction. ECF No. 105. Defendants filed two motions for an extension of time to respond to the preliminary injunction motion (ECF Nos. 77, 118), which Collins opposes (ECF No. 121).

#### 1.    *Collins' motion for leave to file amended exhibits.*

Collins has had trouble complying with the local rule regarding how to include exhibits to motions. As a result, I previously struck supplemental exhibits Collins' attempted to file. *See* August 2, 2023 Order, ECF No. 92 at 3. Following that order, I issued a minute order on August 11, 2023, resolving a motion for clarification filed by Collins. Minute order, ECF No. 101. In that order, I informed Collins that if he sought to amend his motion for preliminary injunction to include exhibits that were filed much later in time, he must file a motion seeking permission to do so which explained why the exhibits were not attached to the initial filing. *Id.* I interpret

Collins' motion for leave to file amended exhibits in support of his motion for preliminary injunction (ECF No. 105) as an attempt to comply with my August 11, 2023 order.

In his motion for leave, Collins states that he had issues filing exhibits for his preliminary injunction because the High Desert State Prison legal library improperly filed his exhibits. *Id.* at 1–2. I note there were no exhibits attached to his motion for preliminary injunction, although the motion itself includes an index sheet referencing exhibits identified as "A through M-M-1." ECF No. 53 at 19–22. Some of these exhibits were subsequently filed. *See, e.g.*, ECF Nos. 72 (Exhibits F, H, J, K, L, M-M-1); 75 (Exhibit L); 93 (correcting Exhibit L). Under my inherent authority to manage and control the docket (*see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010)), I grant Collins' motion for leave to amend the exhibits to his preliminary injunction.[1] ECF No. 105. Further, I strike ECF Nos. 72, 75, and 93 to ensure all exhibits to the preliminary injunction are contained within one docket entry.

> 2. *Defendants' motions to extend time to respond (ECF Nos. 77,[2] 118) and Collins' opposition (ECF No. 121[3]).*

Defendants seek an extension of time, until March 18, 2024, to respond to Collins' preliminary injunction. ECF No. 118. Because I now grant Collins' motion to file amended exhibits, thereby making all exhibits to his preliminary injunction available, I find good cause to extend defendants' time to respond. Considering the volume of exhibits, I give defendants additional time to respond. Defendants' motion to extend time to respond to Collins' motion for preliminary injunction (ECF No. 118) is denied in part and granted in part. Additional time to

---

[1] While Collins styles this motion as one to file "amended" exhibits, he states that the "exhibits have not changed[.]" ECF No. 105 at 2.

[2] Defendants filed an extension of time to respond to Collins' preliminary injunction until thirty days after the court ruled on his motion for leave to file a second amended complaint (SAC) (ECF No. 74). ECF No. 77. On January 26, 2024, Magistrate Judge Brenda Weksler issued an order denying Collins' request for leave to file a SAC. ECF No. 113. Accordingly, this motion (ECF No. 77) is denied as moot.

[3] In this motion, Collins asks the court to address his motion for leave (ECF No. 105), and "requests for court to address plaintiffs [] motion for leave to file exhibits in support of [preliminary injunction]." ECF No. 121. However, for the reasons described *supra*, Collins' motion to file exhibits in support of his preliminary injunction is granted, so this portion of his motion is denied as moot.

respond is granted, but for a different date than requested. Defendants now have fourteen days from the issuance of this order to respond to the preliminary injunction. Collins' opposition to the extension of time is denied.

### B. Collins' pending objections

#### 1. Collins' motion to reconsider my previous orders is denied.

I previously denied Collins' request to allow him to retain medical records in his cell and to prohibit defendants from filing his medical records under seal (ECF No. 41). Order, ECF No. 68. Collins filed a motion to reconsider (ECF No. 71), which I denied. Order, ECF No. 92. Collins now objects to these orders. ECF No. 109. Although Federal Rule of Civil Procedure 72(a) allows a party to object to a ruling by a magistrate judge by filing objections, there is no such rule that allows a party to object to a ruling by a district judge. Accordingly, this "objection" to my previous orders is really another motion for reconsideration, and I construe it as such. Collins fails to set forth a proper basis for reconsideration, so this motion is denied.

#### 2. Collins' objection to Judge Weksler's order denying him leave to file a second amended complaint is overruled in part and sustained in part.

On July 21, 2023, I issued an order which outlined the steps Collins must take should he decide to file a second amended complaint (SAC). *See* Order, ECF No. 68 at 7. On July 28, 2023, Collins filed a motion for leave to file a SAC, which included a proposed SAC. ECF No. 74. And on January 22, 2024, Collins filed a motion "for leave of court to file his exhibits in support of his continuing violation stated in ECF #74 motion to file his second amended complaint [and] his motion for preliminary injunction ECF # 53." ECF No. 112.

On January 26, 2024, Judge Weksler issued a minute order denying Collins' motion to file a SAC as moot (ECF No. 74) because she found that Collins was improperly attempting to amend the proposed SAC in his motion for leave to file exhibits (ECF No. 112). *See* Min. Order, ECF No. 114.

On January 31, 2024, Collins timely filed an objection to the order denying the SAC. ECF No. 115. He argues that he was not "attempting to file any [a]mended [c]omplaint" but attempting to file exhibits in support of his preliminary injunction because the exhibits were not filed by High Desert State Prison legal library.[4] *Id.* at 2.

I have conducted a de novo review the magistrate judge's order under 28 U.S.C. § 636(b)(1)(A) and Local Rule IB 3-1. I agree with Judge Weksler in part. Based on the minute order, it appears Judge Weksler construed Collins' motion as an attempt to add information and exhibits to the SAC. This interpretation is wholly understandable. As stated above, Collins expressly states that he filed the motion for leave of court to file exhibits in support of his motion to file a SAC and preliminary injunction. ECF No. 112 at 1. And the motion extensively discusses the SAC. *See, e.g., id.* at 2. In fact, the motion concludes by stating "Plaintiff seeks leave of court to file his supplement pleading to his ECF 72 motion for leave of court to file his second amended complaint regarding the continuing violation argument for courts review." *Id.* at 2–3. Thus, it is unclear what Collins' motion was addressing, and further demonstrates the importance of filing exhibits at the same time as the related motion; to the extent it was clarified, it was only done so when Collins' filed his objections. Accordingly, it was not clear whether Collins intended to file the attached exhibits in support of the SAC or preliminary injunction, so I concur with the magistrate judge's denial of the motion.

However, I sustain Collins' objection of the portion of the order finding Collins' motion for leave to file a SAC as moot. *See* ECF No. 115. Again, the lack of clarity in Collins' moving papers resulted in the magistrate judge's order denying his motion for leave to file the SAC in

---

[4] He also filed a motion for the court to address his objection. ECF No. 119. In light of this order, that motion is denied as moot. Collins reminded that that court will resolve pending motions and objections as soon as practicable. Collins is further cautioned that future "motions to address pending matters" or "motions for status" will be summarily denied because "[t]he Court does not provide status checks for its cases and advises [plaintiff] to not file such motions." *Redman v. Aranas*, 2019 WL 2453656, at *1 (D. Nev. June 12, 2019). "Motions such as these put stress on an already overburdened judicial system. The Court receives numerous motions every day and will not provide status checks for its ongoing cases. The Court will address all Parties' contentions in due course." *Id.* Such motions place unnecessary administrative burdens on the court.

accordance with my order. It does appear that the SAC is properly and timely filed: Collins filed a motion for leave to file the SAC within 30 days of my order, attached the SAC, stated a cognizable claim for relief against each defendant, and included exhibits. *See* ECF No. 74. Collins' submission also complied with the directive in my previous order. *See* Order, ECF No. 68 at 7 (mandating that the proposed SAC "must be filed within 30 days [of the order], comply with the Federal Rules of Civil Procedure, and state a cognizable claim for relief against each defendant. The SAC must be complete in itself and must not refer in any manner to any prior complaint.").

Thus, Collins' objection to the magistrate judge's order denying his motion for leave to amend the SAC as moot is sustained in part. Judge Weksler did not clearly err nor act contrary to the law, but rather interpreted Collins' unclear motion different than he intended. Collins' objection to the denial of his motion to amend the SAC is hereby sustained, and Judge Weksler's order is overruled in that regard. The denial of Collins' motion for leave to file exhibits (ECF No. 112) stands. Collins' motion for leave to file a SAC (ECF No. 74) is granted. The SAC is now the operative complaint in this action.

**C. Motions regarding defendants' motion to dismiss or, in the alternative, sever.**

Because the SAC is now the operative complaint, defendants' motion to dismiss or in the alternative sever the first amended complaint (ECF Nos. 116, 117), Collins' opposition (ECF No. 122), Collins' motion to file excess pages in his opposition (ECF No. 123), and the parties' motions for extensions of time to respond (ECF No. 124, 126) are denied as moot.

**II.  Conclusion**

IT IS HEREBY ORDERED THAT:

1.  Collins' motion for leave to file amended exhibits **[ECF No. 105] is granted**;

2.  Docketed exhibits to the preliminary injunction **[ECF Nos. 72, 75, 93] are stricken**;

3. Defendants' second motion to extend time to respond to Collins' motion for preliminary injunction **[ECF No. 77] is denied as moot**;

4. Defendants' third motion to extend time to respond to Collins' motion for preliminary injunction **[ECF No. 118] is denied in part and granted in part**. **Defendants have fourteen days from the issuance of this order to respond to the preliminary injunction (ECF No. 53).**

5. The portion of Collins' motion asking the court to address his motion to file exhibits in support of his motion for preliminary injunction is denied as moot, and the portion of the motion opposing defendants' motion to extend time to respond to Collins' motion for preliminary injunction **[ECF No. 121] is denied**;

6. Collins' objection to my previous orders **[ECF No. 109] is denied as moot**;

7. The magistrate judge's order **[ECF No. 114] is overruled in part** and Collins' objection to this order **[ECF No. 115] is sustained in part**;

8. Collins' motion for leave to file a SAC **[ECF No. 74] is granted**. The SAC is now the operative complaint;

9. Collins' motion for the court to address his objection **[ECF No. 119] is denied as moot**; and

10. Defendants' motion to dismiss or in the alternative sever Collins' first amended complaint **[ECF Nos. 116, 117]**, Collins' opposition **[ECF No. 122]**, Collins' motion to file excess pages in his opposition **[ECF No. 123]**, and the parties' motions for extensions of time to respond **[ECF No. 124, 126] are denied as moot**.

Dated: March 15, 2024

_____
Cristina D. Silva
United States District Judge