UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ronald W. Collins,

        Plaintiff

v.

NDOC, et al.,

        Defendants

Case No. 2:22-cv-01795-CDS-BNW

**Omnibus Order Resolving Pending Motions**

[ECF Nos. 132, 135, 139, 140, 143]

    Incarcerated pro se plaintiff Ronald W. Collins brings this civil rights complaint pursuant to 42 U.S.C. § 1983. There are several motions pending in this matter. I resolve ECF Nos. 132, 135, 139, 140, and 143 in turn.

**I. Discussion**

    **A. Collins' second objection to defense counsel arguing on behalf of defendant Henry (ECF No. 132) is stricken.**

    Collins "objects" to defense counsel, Samuel Pezone, Jr., arguing for the dismissal of claims pertaining to defendant Tanisha Mulhead Henry because Pezone does not represent Henry.[1] ECF No. 132. Collins argues that because "Pezone does not represent Henry in this case[,] he should not be arguing anything related to her actions." *Id.* at 2. This filing is neither a proper objection or nor appeal as it is not seeking review of an order or report and recommendation of a magistrate judge. Rather, it is a rouge filing and is therefore inappropriate, so it is stricken. Even if I liberally construe the filing as a motion, Collins fails to cite points and authorities in support of the relief he seeks in violation of this district's Local Rules. Under Local Rule 7-2(d), "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." Accordingly, Collins' "objection" is stricken.

---

[1] Pezone represents all defendants in this action except Henry.

**B.  Defendants' motion to seal exhibits in support of their opposition to Collins' preliminary injunction (ECF No. 135) is granted.**

Defendants Julie Williams, Joseph Swartz, Calvin Johnson, Frank Dreesen, James Scally, William Oblak, Joseph Dugan, and Jaymie Cabrera seek leave to file under seal exhibits A, B, C, D, F, G and H in support of their opposition to Collins' preliminary injunction (ECF No. 53). ECF No. 135.[2]

"[T]he right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). As such, a litigant may request court records be sealed or redacted. *Id.* In the Ninth Circuit, there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments. *Id.* at 1136. Thus, "compelling reasons" must be shown to seal judicial records attached to a dispositive motion. *Id.*; *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). The Ninth Circuit has recognized that medical privacy qualifies as a "compelling reason" for sealing records. *See Pratt v. Cox*, 2012 WL 6691687, at *1 (D. Nev. Dec. 21, 2012) (collecting cases).

After review and consideration of the exhibits, I find that exhibits A, C, F, G and H are Collins' medical records. Exhibits B and D are declarations of medical professionals and contain significant discussion of Collins' medical records (exhibits A, C, F, G and H). Accordingly, sealing of these exhibits is appropriate. Therefore, defendants' request to file exhibits A, B, C, D, F, G, and H under seal is granted.

**C.  Collins' "objection" to defendants' exhibit D (ECF No. 143) is stricken.**

Similarly, Collins posits an "objection" to defendants' exhibit D, the declaration of Doctor Joseph Benson. ECF No. 143. This is another rouge filing as it is neither a proper objection or nor appeal as it is not seeking review of an order or report and recommendation of a

---

[2] Defendants did not seek leave to file exhibit E under seal. *See* ECF No. 135.

magistrate judge. If Collins wanted to address the defendants' arguments or comment on their evidence, he should have done so in his reply. *See, e.g., Vitale & Assocs., LLC v. Lowden*, 2014 WL 1764715, at *4 (D. Nev. May 2, 2014) (discussing that the main purpose of a reply brief is to rebut the other party's response).; *Evans v. Encore Event Techs., Inc.*, 2017 WL 986357, at *1 n.1 (D. Nev. Mar. 14, 2017) ("[i]n a reply, a party may use evidence to rebut evidence presented in an opposition to a motion for summary judgment."). Therefore, Collins' "objection" to exhibit D is stricken.

As previously warned, "Collins is required to follow procedural rules and have a legitimate basis for each of his filings." Order, ECF No. 92 at 4. And although he is unrepresented, he is clearly familiar with operating within the judicial system. *See, e.g., Collins v. Bailey*, 2:23-cv-00490-RFB-VCF (D. Nev. 2023); *Collins v. Nev. Dep't of Corr.*, 2:21-cv-01515-JAD-NJK (D. Nev. 2021); *Collins v. Antonov*, 3:18-cv-00329-MMD-CLB (D. Nev. 2018); *Collins v. Aranas*, 3:17-cv-00417-MMD-WGC (D. Nev. 2017); *Collins v. Collins*, 3:16-cv-00111-MMD-WGC (D. Nev. 2016); *Collins v. Nev. Dep't of Corr.*, 3:13-cv-00255-RCJ-WGC (D. Nev. 2013); *Collins v. MacArthur*, 3:05-cv-00237-PMP-VPC (D. Nev. 2005); *Collins v. McDaniel*, 3:04-cv-00298-RCJ-VPC (D. Nev. 2004); *Collins v. McDaniel*, 3:03-cv-00289-HDM-RAM (D. Nev. 2003); *Collins v. Keller*, 3:01-cv-00244-DWH-RAM (D. Nev. 2001). I will continue to strike Collins' rouge filings. And if these filings rise to the level of vexatiousness, I again caution Collins that failure to adhere to proper procedure may lead to the imposition of a prefiling order constraining his ability to bring claims in this court. Order, ECF No. 92 at 4; *see also id.* at 3 (reminding Collins he must comply with Local Rules). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

**D. Collins' motion to order defendants to give him full access to his medical records (ECF No. 139) is denied without prejudice.**

Collins asks this court to order defendants to give him full access to his complete medical file. *See generally* ECF No. 139. Collins proffers no evidence or information regarding his attempts to access his medical records, or that such attempts were denied, so there is no issue for this court to resolve at this time. Accordingly, Collins' motion is denied without prejudice. Collins should follow the prison's procedures to set up time to review his medical records so he can prepare his reply to his motion for a preliminary injunction. If defendants fail to comply with Collins request(s), he may file a motion seeking relief from the court.

**E. Collins' motion for an extension of time to file a reply (ECF No. 140) is denied as moot.**

Collins moved for a 30-day extension to reply to defendants' opposition to his preliminary injunction. ECF No. 140. However, Collins already filed his reply. ECF No. 144. Accordingly, his request for an extension is denied as moot.

**F. I sua sponte seal Collins' reply (ECF No. 144) and order him to refile the reply as directed below.**

There are a number of problems with Collins' reply as filed. First, Collins filed all the exhibits as part of the base document and the exhibits contain personal identifying information. The practice of filing exhibits as part of the base document makes it impossible for the court to seal specific documents because the Clerk of Court cannot separate the filing for sealing purposes. *See* LR IA 10-5(b). Accordingly, the Clerk of Court is kindly instructed to seal ECF No. 144 in its entirety.

Further, exhibits must "be attached as separate files" and not part of the base document. LR IC 2-2(d); LR IA 10-3. And it appears that Collins may have refiled exhibits that are already part of this record. If so, Collins must cite those exhibits in his reply instead of refiling them

with his reply. The court notes that "*[t]he main purpose of a reply brief is to rebut the nonmovant's response.*" *Vitale & Assocs., LLC*, 2014 WL 1764715, at *4.

In the event that these are new exhibits—filed in this action for the *first time*—Collins must attach the exhibits separate from his reply. Collins has until April 19, 2024 to refile his reply, in which he must either: (1) cite to the exhibits where they already exist in the record or (2) file any new exhibits separately from his reply.

## II.     Conclusion

IT IS HEREBY ORDERED THAT:

1. Collins' second objection to defense counsel arguing on behalf of defendant Henry **[ECF No. 132] is stricken**;

2. Defendants' motion to seal exhibits in support of their opposition to Collins' preliminary injunction **[ECF No. 135] is granted**;

3. Collins' motion for access to his medical file **[ECF No. 139] is denied without prejudice**;

4. Collins' motion for an extension of time to file a reply **[ECF No. 140] is denied as moot**;

5. Collins' "objection" to defendants' exhibit D **[ECF No. 143] is stricken**; and

6. Collins must refile his reply as outlined in this order by April 19, 2024.

The Clerk of Court is kindly instructed to **seal Collins' reply [ECF No. 144]** in its entirety.

Dated: April 8, 2024

_____
Cristina D. Silva
United States District Judge