# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Ronald W. Collins,

               Plaintiff

    v.

NDOC, et al.,

             Defendants

Case No. 2:22-cv-01795-CDS-BNW

**Order Overruling Plaintiff's Objection to the Magistrate Judge's Order, and Adopting and Modifying in Part the Report and Recommendation**

[ECF Nos. 169, 171]

Incarcerated pro se plaintiff Ronald W. Collins brings this civil rights complaint under 42 U.S.C. § 1983. On May 21, 2024, Magistrate Judge Brenda Weksler issued an order and report and recommendation granting Collins's motion to substitute defendant John Doe #1 (ECF No. 161), which she construed as a motion to amend the complaint. ECF No. 169. Because the motion was unopposed, Judge Weksler granted the motion to amend, and directed Collins to file the third amended complaint (TAC) within thirty days, together with other instructions. *Id.* at 1. That same order advised defendants that if they sought to supplement their pending motion to dismiss (ECF No. 146) in light of the newly identified defendant (Dr. Martin Naughton), they must do so within 45 days. *Id.* Finally, the order provided instructions regarding Collins's timeline for responding to any supplement from defendants. *Id.* at 1–2.

On May 29, 2024, Collins filed an objection to the order and report and recommendation. Obj., ECF No. 171. Therein, he objects to Judge Weksler construing his motion to substitute as a motion to amend. *Id.* at 3. He contends that having to file a TAC is prejudicial because of the numerous exhibits already on file with his second amended complaint. *Id.* He asks that he be permitted to keep his SAC on file and merely substitute the "John Doe: defendant with the now identified defendant Naughton. *Id.* For the reasons set forth herein, I overrule Collins's objection,

adopt and modify the R&R in part. Further instructions are provided in the conclusion of this order.

## I.      Legal Standard

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). A magistrate judge's order should only be set aside if it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## II.      Discussion

Collins does not meet his burden showing that Judge Weksler's order is clearly erroneous or contrary to the law. Rather, he argues the order directing him to file a TAC would be burdensome given the numerous exhibits attached to his SAC, that would need to be included in his TAC. *See generally* ECF No. 171 at 3–4. That is an insufficient basis to reject the magistrate judge's report and recommendation. In fact, Ninth Circuit case law makes clear that a plaintiff may not simply refer to a previous complaint, so amended complaints must include all relevant facts even if they were previously asserted in an earlier complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint supersedes the original complaint and renders it without legal effect"). As a result, Collins's

objection to the magistrate judge's R&R is overruled. Accordingly, as set forth in the R&R, Collins must file a third amended complaint by November 21, 2024. It must be titled "Third Amended Complaint," comply with the Federal Rules of Civil Procedure, and state a cognizable claim for relief against each defendant. The TAC must be complete in and of itself, must not refer in any manner to *any* prior complaint, must not contain any claims or defendants previously dismissed without leave to amend, and must not contain copied allegations which the court has previously adjudicated as insufficient. The TAC must be a "copycat" of plaintiff's second amended complaint with the one exception: Collins may substitute Dr. Martin Naughton for defendant John Doe #1.

However, given Collins's status as a pro se inmate, for judicial efficiency and as a courtesy,[1] the court will permit Collins to file the TAC without exhibits. Once the TAC is docketed, the Clerk of Court will docket the same exhibits from the SAC as a separate exhibit, that will then be considered together with the TAC as if the exhibits had been filed at the same time. This is why Collins must copy the **same allegations, referencing the same exhibits,** set forth in the SAC as the citations to any exhibits will not change when they are docketed by the clerk.

**IV.    Conclusion**

IT IS HEREBY ORDERED that Collins's objection to the report and recommendation of the magistrate judge **[ECF No. 171] is overruled.** Accordingly, as set forth in the R&R and this order, Collins must file a third amended complaint by November 21, 2024.

IT IS FURTHER ORDERED that the report and recommendation of the magistrate judge **[ECF No. 169] is adopted** and modified as set forth in this order.

IT IS FURTHER ORDERED that should defendants wish to supplement their motion to dismiss (ECF No. 146) after the TAC is filed, they must do so within 45 days of TAC and exhibits being docketed.

---

[1] Collins is advised that this is a rare exception to the rule requiring litigants to file complete complaints.

IT IS FURTHER ORDERED that if the defendants supplement their motion to dismiss, Collins must respond to the supplement within 14 days of its filing and any reply from the defendants is due seven days after Collins's supplement.

Dated: October 21, 2024

_____
Cristina D. Silva
United States District Judge

4