UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ronald W. Collins,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Nevada Department of Corrections, et al.,<br><br>　　　　　Defendants | Case No. 2:22-cv-01795-CDS-BNW<br><br>**Order Granting Defendant's Motion for Summary Judgment, Denying Defendant's Motion for Judgment on the Pleadings as Moot, Denying Plaintiff's Motion to Extend as Moot Denying Plaintiff's Motion to Stay Case as Moot, Denying Plaintiff's Motion for Sanctions and Denying Plaintiff's Motion to Strike**<br><br>[ECF Nos. 196, 197, 265, 266, 270, 271, 277] |

　　　　Incarcerated pro se plaintiff Ronald W. Collins brings this fifty-page complaint against defendants Julie Williams, Joseph Swartz, Calvin Johnson, Frank Dreesen, James Scally, William Oblak, Joseph Dugan, Jaymie Cabrera, Gollen Job, Martin Naughton, David Rivas, and Tanisha Henry alleging various constitutional violations under 42 U.S.C. § 1983. Third. am. compl, ECF No. 214. He alleges that Henry was deliberately indifferent to his medical needs in violation of the Eighth Amendment. *Id.* at 14. Henry filed a motion for summary judgment.[1] Mot. for summ. j., ECF No. 196. The motion is fully briefed. Opp'n, ECF No. 200; Reply, ECF No. 208.[2] For the reasons herein, I grant Henry's motion for summary judgment.[3]

---

[1] Henry's motion for summary judgment is based on Collins's second amended complaint (SAC). *See* ECF No. 196. After the motion for summary judgment was filed, I granted Collins's motion to substitute previously named defendant "John Doe #1" with his true identity, Dr. Martin Naughton. Order, ECF No. 169. Collins was then instructed to file a third amended complaint (TAC) reflecting the substitution. *Id.* The TAC was required to be a "copycat" of the SAC. *Id.* Therefore, the filing of the TAC is irrelevant to Henry's motion for summary judgment and still allows me to resolve it. For the sake of consistency, and because they are identical, I cite to the TAC and not the SAC.

[2] Collins filed a motion to extend time to file his response to the motion for summary judgment. ECF No. 197. However, before the court was able to address Collins's motion, he timely filed a response to the motion for summary judgment. *See* ECF No. 200. Therefore, Collins's motion to extend time to file his response is denied as moot. Collins also filed a motion to stay the case pending resolution of Henry's motion for summary judgment. ECF No. 265. As I am now resolving the motion for summary judgment, Collins's motion is denied as moot.

[3] Henry's motion for judgment on the pleadings (ECF No. 266) is denied as moot. Collins also filed a motion to strike the motion for judgment on the pleadings (ECF No. 270) and a motion for sanctions

I.    Background[4]

Collins is an inmate currently housed at High Desert State Prison (HDSP). TAC, ECF No. 214 at 1. Collins alleges that an incident involving defendants Swartz and Doe left him with several serious injuries. *Id.* at 14–17. Due to these injuries, on May 25, 2022, Collins was unable to get up off the floor of his cell. *Id.* at 18. Prison officials called a "man down" but defendant Henry—a nurse at HDSP—"left him laying on the floor and did nothing." *Id.* Collins alleges that Henry told him that she could not enter his cell, called nobody to assist him, and provided him no medical care. *Id.* Collins alleges that Henry's inaction "contributed in Plaintiff obtaining a spinal infection and hospital stay" and caused him pain and suffering. *Id.*

II.    Legal standard

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts

---

(ECF No. 271) because Henry filed a motion for judgment on the pleadings. Collins alleges that the motion for judgment on the pleadings is untimely as the "pleadings are closed". ECF No. 270 at 2; ECF No. 271 at 2. However, Federal Rule of Civil Procedure 12(c) states that any party may move for judgment on the pleadings '[a]fter the pleadings are closed but within such time as not to delay the trial.'" Fed. R. Civ. P. 12(c). Therefore, Henry's motion for judgment on the pleadings is timely. Collins's motion to strike and motion for sanctions are thus denied. And because he already filed his reply to his motion to strike, his motion to extend time to file the reply (ECF No. 277) is denied as moot.

[4] I only cite to the TAC to provide context to this action and not to indicate a finding of fact. Further, I only summarize the facts in the TAC as they relate to Henry.

showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

### III.     Discussion

Henry argues that she is entitled to qualified immunity for her interaction with Collins and is therefore entitled to summary judgment in her favor. *See generally* ECF No. 196. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743, (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). To defeat qualified immunity, a plaintiff must demonstrate "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *al-Kidd*, 563 U.S at 735.

As a threshold matter, Henry is a state actor for purposes of qualified immunity. *See West v. Atkins*, 487 U.S. 42, 51–54 (1988) (physicians who contract with prisons to provide healthcare to inmates are state actors). Henry states that during the time and date in question, she was acting under Nevada Department of Correction's (NDOC) AR 630 Emergency Medical Response Procedure which prioritizes staff safety and "requires medical personnel to assess the safety of the environment before rendering medical care." ECF No. 196 at 11. She further states in written interrogatories that she did not enter Collins's cell at the time in question because "officers were present at the time and informed me that they would not be opening the cell because Plaintiff posed a security risk." Henry Interrogs., Def.'s Ex. C, ECF No. 196-3 at 6. Because she was following prison security protocols, Henry argues (1) that she did not violate Collins's Eighth Amendment rights as she was not acting in deliberate indifference to any serious medical need and (2) there is no legal precedent clearly establishing that a nurse's

reliance on security assessments made by the prison officers violates a constitutional right. ECF No. 196 at 11–12. In opposition to Henry's motion, Collins argues that a genuine issue of material fact exists as to whether Henry violated his Eighth Amendment right because Henry provides no evidence that Collins was a safety risk and refused to help him when he was lying on the floor. ECF No. 200 at 8. Additionally, Collins argues that Henry was not in fact operating under the AR 630 Emergency Medical Response Procedure because she failed to heed the policy's requirement to "take control of the event – request plaintiff to be secure – and file report." *Id.* In her reply, Henry states that her

> actions were guided by NDOC's AR 630 Emergency Medical Response Procedure, prioritizing the safety of medical personnel. According to her discovery responses, Nurse Henry was advised by correctional officers that Plaintiff posed a security risk, thus restricting her from entering his cell. Per policy, Nurse Henry did not possess the authority to override the officers' judgment about security concerns; her decision not to enter Mr. Collins' cell, therefore, aligned with NDOC's established protocol and her professional duty to follow institutional directives.

ECF No. 208 at 4.

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

Henry is entitled to qualified immunity as she did not violate any "clearly established" right. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what [s]he is doing violates that right" *Richards v. Cox*, 842 F. App'x 49, 53 (9th Cir. 2021). "For a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate, but a case directly on point is not required." *Jefferson v. Umana*, 2025 U.S. Dist. LEXIS 37826, at *17 (C.D. Cal. Feb. 28, 2025) (citing *White v. Pauly*, 580 U.S. 73, 79 (2017)). "Where factual disputes exist as to the objective

4

reasonableness of an officer's conduct, the case cannot be resolved at summary judgment on qualified immunity grounds." *Rosenbaum v. City of San Jose*, 107 F.4th 919, 924 (9th Cir. 2024).

Contrary to Collins's argument, AR 630 Emergency Medical Response Procedure does not require that Henry "take control of the event" or "request the plaintiff to be secure" as Collins suggests. While Henry is required by AR 630 to write medical incident reports about any emergency incident, whether she did so or not is irrelevant to whether she was complying with AR 630's requirements as to who manages what aspect of a medical emergency. AR 630, Def.'s Ex. D, ECF No. 196-4 at 3.

There is no genuine issue of material fact as to whether Henry was complying with AR 630. AR 630 states that during a medical emergency, "the medical staff will manage the medical aspects of the emergency once they are notified, including orders for transfer via ground or air transportation." *Id.* at 2. It further states, "Correctional staff will manage the security for the medical emergency[.]" *Id.* Per AR 630, Henry was not the person in the emergency situation who was responsible for assessing the safety of herself and others in the emergency situation with Collins; security personnel were. This was also stated by Henry in her interrogatories when she emphasized that "All necessary [medical] care is given **as long as the safety of the nursing staff can be ensured**." ECF No. 196-3 at 5 (emphasis added).

The evidence demonstrates that Henry was complying with safety protocol when deciding not to aid Collins. As Henry was relying on security assessments made by prison officers and complying with prison protocol when she did not enter Collins's cell, it cannot be said that a reasonable person would have known that this choice would violate Collins's Eighth Amendment rights. *Richards*, 842 F. App'x at 53. Thus, even assuming arguendo that Henry had acted deliberately indifferent to Collins's serious medical need, she is entitled to qualified immunity as she did not violate any "clearly established" right. Further, the court could not locate any Ninth Circuit or Supreme Court case law indicating that Henry's actions were unconstitutional. Accordingly, Henry's motion for summary judgment is granted.

IV.     Conclusion

IT IS THEREFORE ORDERED that Henry's motion for summary judgment [ECF No. 196] is GRANTED.

IT IS FURTHER ORDERED that Collins's motion to extend [ECF No. 197] and motion to stay the case [ECF No. 265] are DENIED as moot.

IT IS FURTHER ORDERED that Henry's motion for judgment on the pleadings [ECF No. 266] is DENIED as moot.

IT IS FURTHER ORDERED that Collins's motion to strike [ECF No. 270] and motion for sanctions [ECF No. 271] are DENIED.

IT IS FURTHER ORDERED that Collins's motion to extend time to file a reply to his motion to strike [ECF No. 277] is DENIED as moot.

Dated: July 3, 2025

_____
Cristina D. Silva
United States District Judge