**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Ronald W. Collins, | Case No. 2:22-cv-01795-CDS-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Nevada Department of Corrections, et al., | |
| Defendants. | |

Before this Court are several motions. First is Plaintiff's motion to compel. ECF No. 311. Next is Defendant Swartz's motion to extend deadlines. ECF No. 321. In addition, Plaintiff filed a second motion to compel. ECF No. 323. Lastly, Plaintiff filed a motion to extend deadlines. ECF No. 339.

For the reasons stated below this Court grants in part and denies in part the motions to compel and will extend all deadlines by 60 days.

### I.      Motions to Compel

Discovery under the Federal Rules of Civil Procedure is governed by Rule 26, which states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(b)(1). A propounding party may move for an order compelling disclosure or discovery pursuant to Rule 37(a).

The moving party bears the burden of demonstrating the sought discovery is relevant. *Cabrales v. Aerotek, Inc.*, No. EDCV 17-1531-JGB (KKx), 2018 WL 2121829, at \*3 (C.D. Cal. May 8, 2018). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." *Centeno v. City of*

*Fresno*, No. 1:16-CV-653-DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016). However, "the party resisting discovery bears the burden of showing why discovery should not be allowed." *United States ex rel. Poehling v. UnitedHealth Grp., Inc.*, No. CV 16-8697-MWF (SSx), 2018 WL 8459926, at *9 (C.D. Cal. Dec. 14, 2018).

Federal Rule of Civil Procedure 34 ("Rule 34") allows parties to serve on another party "a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a).  "The party to whom the [Request for Production] is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A). Rule 33 allows for a party to propound interrogatories, and the responding party must serve its answers and any objections within 30 days after being served. Fed. R. Civ. P. 33(b)(2). Rule 33(a)(1) of the Federal Rules of Civil Procedure limits each party to 25 interrogatories, including "all discrete subparts," absent court permission. Interrogatory subparts are counted as one interrogatory if they are "logically or factually subsumed" within and necessarily related to the primary question. *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684, 685 (N.D. Cal. 1997).

Untimely service of a response to interrogatories or requests for production of documents typically waives objections. *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) (holding that untimely service of response to interrogatories waives objections). However, "[c]ourts have the discretion to relieve a late-responding party from the potentially harsh consequences of waiver." *Shacar v. Trans Union LLC*, Case No. CV 20-11115-AB (RAOx), 2021 WL 6496405, at *3 (C.D. Cal. Sept. 22, 2021). "To determine whether there is good cause to find objections are not waived, courts consider (1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions." *Id*.

Rule 6 indicates the court may extend deadlines after they have expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(A)-(B). Courts generally consider four equitable factors when determining whether late filings were due to excusable neglect: "(1) the danger of prejudice to Defendants; (2) the length of delay and its potential impact on judicial

proceedings; (3) the reason for the delay, including whether it was within the reasonable control of Plaintiff; and (4) whether Plaintiff's conduct was in good faith." *Kass v. Mineral Cnty. Com'rs*, 3:07-cv-00095-LRH-VPC, 2010 WL 1292286, at *1 (D. Nev. March 30, 2010).

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion.").

### A.  Motion to Compel (ECF No. 311)

**REQUEST FOR PRODUCTION NO. 2**[1]: Produce all videos in NDOC's possession regarding the event between defendant Swarts and John Doe that took place on 5-3-22. To include the video Lt. Ledingham took at Plaintiffs cell door of his injuries on 5-4-22.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**: Defendant objects to Request for Production No. 2 as impermissibly argumentative because it forces the adoption of the facts not in evidence, namely that Lt. Ledingham obtained video footage "at Plaintiffs cell door of his injuries on" May 4, 2022.

**RULING**: This Court overrules the objections. Objections that a request assumes facts not in evidence, calls for speculation, or lacks foundation are not proper in the course of written discovery. *See Garcia v. Clark*, No. 1:10-CV-00557-LJO-DLB-PC, 2012 WL 1232315, at *2, *12 (E.D. Cal. Apr.12, 2012) (explaining that "[a]ssuming facts not in evidence may be the basis for an objection during trial or some other evidentiary hearing," but is not proper during the course of discovery). This Court extends this holding to an objection that the request is argumentative.

At the hearing, Defendant represented that no such video existed. This Court therefore ordered Defendant to submit a declaration describing the steps taken to determine whether any such footage had been recorded by anyone at the facility, the efforts made to locate any such footage, and the results of that inquiry.

---

[1] While Plaintiff does not provide the text for the request or the response, he does identify this request in his motion. As a result, this Court addressed it above.

**REQUEST FOR PRODUCTION NO. 3**: Produce a copy of Plaintiffs medical file from 2019 to present to the HDSP Warden's office for review by Plaintiff when needed for use in this case.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**: Defendant objects to Request for Production No. 3 as irrelevant, over broad, and outside the scope of limited discovery. Plaintiff requests medical records dating back to 2019, but present discovery is limited to the allegations of excessive force and alleged resulting injuries in May of 2022 against Defendant Swartz. ECF No. 291 at 2:5-12. Notwithstanding these objections, and without waiving the same, Defendant responds/answers as follows: Please see responsive documents previously produced with Defendants' Initial Disclosure, Bates stamped NDOC000296 through NDOC001873.

**RULING:** The relevance objection is overruled as this case alleges the use of excessive force. But this Court agrees that the request is overbroad as the incident took place in May 2022. To the extent Plaintiff is attempting to demonstrate that prior to May 2022 he did not have any of the currently claimed injuries, records going back to May 2021 will suffice.

Having said that, it appears this request is moot as Bates NDOC000294-295, NDOC000296 through NDOC001873 were produced. To the extent not already produced, this Court orders the production of responsive documents consistent with this ruling.

This Court will not order the production of an index sheet. Such request does not appear in the text of the request itself. Should Plaintiff have specific questions regarding what has been produced he can propound interrogatories to that effect.

**REQUEST FOR PRODUCTION NO. 4**: Produce all Plaintiffs inmate medical request for care kites he submitted to the HDSP Medical department from 2019 to the present day.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**: Defendant objects to Request for Production No. 4 as irrelevant, over broad, and outside the scope of limited discovery. Plaintiff requests medical records dating back to 2019, but present discovery is limited to the allegations of excessive force and alleged resulting injuries in May of 2022 against Defendant Swartz. ECF No. 291 at 2:5-12.
Notwithstanding these objections, and without waiving the same, Defendant responds/answers as follows: Please see responsive documents previously produced with Defendants' Initial Disclosure, Bates stamped NDOC000296 through NDOC001873.

**RULING:** The relevance objection is overruled as this case alleges the use of excessive force. But this Court agrees that the request is overbroad as the incident took place in May 2022.

To the extent Plaintiff is attempting to demonstrate that prior to May 2022 he did not have any of the currently claimed injuries, kites going back to May 2021 will suffice.

Having said that, it appears this request is moot as Bates NDOC000294-295, NDOC000296 through NDOC001873 were produced. To the extent not already produced, this Court orders production of these documents consistent with this ruling.

As already explained above, this Court will not order the production of an index sheet. Should Plaintiff have specific questions regarding what has been produced he can propound interrogatories to that effect.

**REQUEST FOR PRODUCTION NO. 5**: Produce all reports made regarding Plaintiff by NDOC staff-defendants made while he was housed in Unit's 4 and 8. To include officers man down medical calls for S-N-E attention. Medical attention on NDOC computer or in the Log books.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**: Defendant objects to Request for Production No. 5 as irrelevant, over broad, and outside the scope of limited discovery. Plaintiff requests "all reports made regarding Plaintiff by NDOC staff-defendants made while he was housed in Unit's 4 and 8," but present discovery is limited to the specific allegations of excessive force and alleged resulting injuries in May of 2022 against Defendant Swartz. ECF No. 291 at 2:5-12.
Notwithstanding these objections, and without waiving the same, Defendant responds/answers as follows: Please see responsive documents previously produced with Defendants' Initial Disclosure, Bates stamped NDOC000294, NDOC000295, NDOC001873.

**RULING**: The relevance objection is overruled as this case alleges the use of excessive force. But this Court agrees that the request is overbroad as only records pertaining to the alleged use of excessive force in May 2022 are relevant.

Having said that, it appears this request is moot as Bates NDOC000294-295, NDOC000296 through NDOC001873 were produced. To the extent not already produced, this Court orders the production of documents consistent with this ruling. This includes the daily shift logs that have not yet been produced (given Defendant withdrew its objection as to those documents).

For the same reasons stated above, this Court will not order the production of an index sheet. Should Plaintiff have specific questions regarding what has been produced he can propound interrogatories to that effect.

**REQUEST FOR PRODUCTION NO. 8**: Plaintiff was admitted to Valley hospital medical center by Las Vegas neurology center Doctor Robert W. Balsiger (neurologist) for Plaintiffs spinal infection produce all records to HOSP Warden's office regarding medical reports - medications given - tests-MRI reports from 9-14-22 - 9-15-22 while their

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**: Defendant objects to Request for Production No. 8 as impermissibly argumentative because it forces the adoption of the facts not in evidence, namely that Plaintiff was ever hospitalized for a "spinal infection." Defendant objects to Request for Production No. 8 as irrelevant, over broad, and outside the scope of limited discovery. Plaintiff requests medical records from an alleged hospitalization from a spinal infection in "all records to HOSP Warden's office regarding medical reports - medications given - tests- MRI reports from 9-14-22 - 9-15-22" from "Valley Hospital Medical Center," but claims alleging deliberate indifference to Plaintiffs medical treatment were previously dismissed from this case, ECF No. 263, and present discovery is limited to the specific allegations of excessive force and alleged resulting injuries in May of 2022 against Defendant Swartz, ECF No. 291 at 2:5 12.
Notwithstanding these objections, and without waving the same, Defendant responds/answers as follows: Defendant is unable to locate any responsive records within his possession, custody, or control.

**RULING**: Objections that a request assumes facts not in evidence, calls for speculation, or lacks foundation are not proper in the course of written discovery. *See Garcia v. Clark*, No. 1:10-CV-00557-LJO-DLB-PC, 2012 WL 1232315, at *2, *12 (E.D. Cal. Apr.12, 2012). This Court extends the ruling to the objection that the request is argumentative.

It appears that Plaintiff wants to argue that the spinal infection resulted from the alleged incident. In that sense, the relevance and overbreadth objections are overruled.

Nonetheless, Defendant represents these records are not in its possession, custody, or control and can be obtained, instead, directly from the hospital. As a result, Plaintiff must request those records directly from the hospital.

**REQUEST FOR PRODUCTION NO. 9**: Because Plaintiff's spinal infection was being ignored by HDSP medical department he went on a hunger strike and was ordered placed into the prison infirmary by Defendant Scally on 9-16-22. Produce

all reports - memos and the video of Plaintiff being taken to 13 infirmary by S-N-E officers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**: Defendant objects to Request for Production No. 9 as impermissibly argumentative because it forces the adoption of the facts not in evidence, namely that Plaintiff had a "spinal infection." Defendant objects to Request for Production No. 9 as irrelevant, over broad, and outside the scope of limited discovery. Plaintiff requests "all reports – memos and the video of Plaintiff being taken to infirmary by S-N-E officers" regarding a hunger strike in September of 2022, but claims alleging deliberate indifference to Plaintiffs medical treatment were previously dismissed from this case, ECF No. 263, and present discovery is limited to the specific allegations of excessive force and alleged resulting injuries in May of 2022 against Defendant Swartz, ECF No. 291 at 2:5-12.

Notwithstanding these objections, and without waiving the same, Defendant respond/answer as follows: Please see the responsive document previously provided with Defendant's Initial Disclosure, Bates stamped NDOC000056.

**RULING**: Objections that a request assumes facts not in evidence, calls for speculation, or lacks foundation are not proper in the course of written discovery. *See Garcia v. Clark*, No. 1:10-CV-00557-LJO-DLB-PC, 2012 WL 1232315, at *2, *12 (E.D. Cal. Apr.12, 2012). This Court extends the ruling to the objection that the request is argumentative.

The relevance objection is sustained as this request is not relevant to the alleged use of excessive force.

**REQUEST FOR PRODUCTION NO. 13**: Produce a pitcher of each holding cell and area for which inmates are being held in while in the property room holding area waiting to leave or return to their unit which is 7 of them 2 with tolit only five 5 with nothing but bench.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**: Defendant objects to Request for Production No. 13 as irrelevant, over broad, and outside the scope of limited discovery. Plaintiff requests a picture "of each holding cell and area for which inmates are being held in while in the property room holding area," but claims regarding Plaintiffs conditions of confinement were previously dismissed from this case, ECF No. 263, and present discovery is limited to the specific allegations of excessive force and alleged resulting injuries in May of 2022 against Defendant Swartz, ECF No. 291 at 2:5-12.

Based upon the foregoing objections, no responsive documents will be forthcoming.

**RULING**: this Court sustains the relevance objection as Plaintiff has not convinced this Court that pictures of the holding cells would be relevant to his excessive force claim.

//

//

//

**REQUEST FOR PRODUCTION No. 19**[2]

**REQUEST FOR PRODUCTION NO. 20:**

Produce the complete inmate grievances listed

| | | |
|---|---|---|
| 1. 2006-31-45515 | 4. 2006-31-05162 | 7. 2006-31-26697 |
| 2. 2006-31-38864 | 5. 2006-30-93118 | 8. 2006-31-36721 |

Page 12 of 14

| | | |
|---|---|---|
| 3. 2006-31-37476 | 6. 2006-31-25061 | 9. 2006-31-17685 |
| 10. 2006-31-20362 | 11. 2006-31-02002 | 12. 2006-31-02786 |
| 13. 2006-31-05165 | 14. 2006-31-02817 | 15. 2006-31-02785 |
| 16. 2006-31-08776 | 17. 2006-31-11206 | |

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**: Defendant objects to Request for Production No. 20 as irrelevant, over broad, and outside the scope of limited discovery. Plaintiff requests copies of Grievance Nos. 2006-31-45515, 2006-31-05162, 2006-31-26697, 2006-30-93118, 2006-31-36721, 2006-31-25061, 2006-31-17685, 2006-31-20362, 2006-31-02002, 2006-31-02786, 2006-31-05165, 2006-31-02817, 2006-31-02785, 2006-31-08776, and 2006-31-11206. On review of Plaintiffs Grievance History Report, it appears none of these grievances concern allegations of excessive force and alleged resulting injuries in May of 2022 against Defendant Swartz, and present discovery is limited to such specific claims and allegations. ECF No. 291 at 2:5-12. In addition, Defendant was unable to locate several of these grievances by grievance number in Plaintiffs Grievance History Report, indicating that these grievances likely do not exist. Notwithstanding these objections, and without waiving the same, Defendant responds/answers as follows: Please see responsive documents previously produced with Defendant's Initial and Supplemental Disclosures, Bates stamped

---

[2] Plaintiff's motion refers to this as RFP 19. But comparing the text to the actual request it is clear he refers to RFP 20.

NDOC000144 through NDOC000166 and NDOC 001889 through NDOC 001914.

**RULING**: This Court agrees that, to the extent that the grievances do not relate to excessive force claim, they are not relevant. According to Defendant, Plaintiff reached a compromise with Defendant for the production of the grievances that do relate to the claim at hand, grievance Nos. 20063137476 and 20063126697. Defendant denied this at the hearing. This Court will order the production of all grievances relating to the alleged use of excessive force in May 2022. To the extent grievance No. 20063126697697 (or any others) relates to injuries sustained as a result of the alleged use of excessive force shows injuries, it must be produced as well. This Court orders the complete grievances (as opposed to portions of them).

### B. Motion to Compel (ECF No. 323)

Defendant explains that he received Plaintiff's Second Sets of Request for Production of Documents and Interrogatories on November 20, 2025. He further explains that the responses were served on December 17, 2025 but were inadvertently mailed to HDSP instead of NNCC. It appears Plaintiff received these responses on January 13, 2026, less than a month after they were due to be served.

Considering the short delay, the absence of prejudice and bad faith, this Court finds that good cause exists to hold that Defendant did not waive his objections. For similar reasons, this Court finds excusable neglect. In any event, as explained during the hearing, the court has an independent duty to consider whether the requests fall within Rule 26(b). Fed. R. Civ. P. 26(b)(2)(C)(iii).

**INTERROGATORY NO. 1:** In your response to Plaintiff's First Set of Interrogatories dated September 26, 2025 at number #3. You stated "you did not consider Plaintiff handicapped or disabled such that he could not walk with his hands behind his back on May 3, 2022."

You further state - Plaintiff did not have a cane. That you were unable to locate any records indicating that plaintiff was issued a cane on or before May 3, 2022. That Plaintiff was issued an AFO leg brace but it did not prevent you from walking or holding your hands behind your back. You were asked if you had documentation of some disability that prevented you from being handcuffed behind your back, you failed to produce any such documentation. Thus there was no medical reason to use waist restraints in lieu of hand cuffs.
Please answer the following:

A. List all medical schooling or any training you have received that would qualify you to determine that the Plaintiff Ronald W. Collins was not a disabled inmate.

B. List all medical schooling or any training you have received that would qualify you as a Medical PhD or specialist to know upon site, that Plaintiff Ronald W. Collins could walk with his hands handcuffed behind his back

C. List all medical schooling or any training you have received that would qualify you as a Medical PhD or specialist to know upon site, that Plaintiff Ronald W. Collins could walk with his hands handcuffed behind his back on May 3, 2022. If no medical schooling or training has been accomplished by you state so.

D. State the reason why you did not call the medical department on May 3, 2022 after Plaintiff informed you that he could not walk with his hands cuffed behind his back? To check on any disability's?

E. You state that you were unable to locate any records indicating Plaintiff was issued a cane on or before May 3, 2022 - State what records you looked through that would justify such an answer?

**ANSWER TO INTERROGATORY NO. 1:** Defendant objects to Interrogatory No. 1 as improperly compound with at least three discrete subparts which are not logically or factually subsumed within and necessarily related to the primary question, calling for Defendant to (1) identify medical schooling or any training; (2) "state the reason you did not call the medical department ... "; and (3) identify records. Defendant objects to Interrogatory No. 1 because subpart B is asked and answered as to subpart A. Defendant objects to Interrogatory No. 1 because a request to list "any" training received is over broad per seas training for inmate restraint procedures and health considerations are required and ongoing. Defendant further objects to Interrogatory No. 1 as impermissibly argumentative because it forces the adoption of facts not in evidence, namely that Plaintiff walked with and possessed a walking cane on May 3, 2022, or that a medical license, medical schooling, or special training is required to visually observe whether someone can wear handcuffs, or whether they can walk in handcuffs. Further, Interrogatory No. 1 calls for pure speculation based on hypothetical facts without foundation.

Notwithstanding these objections, and without waivmg the same, Defendant responds/answers as follows:

A. As part of mandatory Peace Officer Standards and Training (POST), I have been trained regarding when it is appropriate to modify use of restraints to accommodate an offender's legitimate medical condition. Pursuant to AR 407.04, "[l]egitimate medical conditions which do not permit the full utilization of routine restraint apparatuses will be evaluated on a case-by-case basis." You were unable to articulate and verify whether you had any legitimate medical condition that prevented you from wearing and walking in handcuffs. You did not have a cane with you on that day, and I witnessed you walking without the assistance of any medical device on several occasions before and immediately prior to the alleged incident on May 3, 2022. Thus, I concluded that you did not have any disability that prevented you from wearing or walking in handcuffs.

    B. As part of mandatory Peace Officer Standards and Training (POST), I have been trained regarding when it is appropriate to modify use of restraints to accommodate an offender's legitimate medical condition. Pursuant to AR 407.04, "[l]egitimate medical conditions which do not permit the full utilization of routine restraint apparatuses will be evaluated on a case-by-case basis." You were unable to articulate and verify whether you had any legitimate medical condition that prevented you from wearing and walking in handcuffs. You did not have a cane that day, and I witnessed you walking without the assistance of a cane on several occasions before and immediately prior to the alleged incident on May 3, 2022. Thus, I concluded that you could wear and walk in handcuffs.

    C. The onus was on you to articulate or offer documentation proving a legitimate medical condition that prevented you from wearing or walking in handcuffs. You failed to do so. It's also my understanding that medical staff are not permitted to disclose information to regular custody staff regarding an inmate's medical condition because of AR 639, and thus medical staff wouldn't have been able to tell me anything even if I had called them.

    D. Your medical records, which my attorney reviewed on my behalf for purposes of this lawsuit.

**RULING**: This Court agrees this interrogatory is compound as it is not "logically or factually subsumed" within and necessarily related to the primary question. *Kendall*, 174 F.R.D. at 685. Thus, this Court treats this as four interrogatories.

Objections that a request assumes facts not in evidence, calls for speculation, or lacks foundation are not proper in the course of written discovery. *See Garcia v. Clark*, No. 1:10-CV-00557-LJO-DLB-PC, 2012 WL 1232315, at *2, *12 (E.D. Cal. Apr.12, 2012). This Court extends the ruling to the objection that the request is argumentative.

This Court finds that the answers are responsive and complete.

**INTERROGATORY NO. 2:** Have you ever had excessive force allegations filed against you?

**ANSWER TO INTERROGATORY NO. 2:** Defendant objects to Interrogatory No. 2 because the information Plaintiff is seeking is confidential. Information regarding disciplinary history of government employees is confidential under NAC 284. 718(1)(j) and is considered qualified privilege for official information. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991) (citing *Zaustinsky v. University of Cal.,* 96 F.R.D. 622, 625 (N.D.Cal.1983), affd, 782 F.2d 1055 (9th Cir.1985)). Defendant further objects to Interrogatory No. 2 as overly broad because whether anyone has at any time *alleged* Defendant used excessive force is not relevant to this case.

Notwithstanding these objections, and without waivmg the same, Defendant responds/answers as follows: Yes, you filed this lawsuit against me alleging that I used excessive force.

**RULING**: This Court understands the rationale behind having responded the way Defendant Swartz did but will order a supplement that includes whether Swartz has had any other claims of excessive force filed against him (not just verbal allegations) in the three years preceding the alleged incident. This Court overrules the confidentiality objections for the reasons stated below.

**REQUEST FOR PRODUCTION NO. 1**: Produce all reports, memos and investigations by defense witness Calvin Johnson relevant to this case as well as information surrounding the facts circumstances and allegations in the Complaint. **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**: Defendant objects to Request for Production No. 1 because it is vague and ambiguous as to the word "investigations" which is not defined and can be reasonably interpreted to request production of things which are intangible and non-electronic, leaving Defendant unable to ascertain the call of the request without assuming Plaintiffs meaning. Defendant objects to Request for Production No. 1 as irrelevant, over broad, and outside the scope of limited discovery to the extent Plaintiff requests documents regarding all of the "the facts circumstances and allegations in the Complaint," as discovery is limited to Plaintiffs remaining excessive force claim against Defendant Swartz. ECF No. 291 at 2:5-12.

Notwithstanding these objections, and without waiving the same, Defendant responds/answers as follows: Please see responsive documents previously produced with Defendants' Initial and Supplemental Disclosures, Bates stamped NDOC000294 through NDOC000295 and NDOC00 1873.

**RULING**: Based on Defendant's arguments presented at the hearing this Court overrules the objection that the request is ambiguous. This Court sustains the relevance objection to the extent that it is not related to the surviving claims. Based on Defendant's representation all responsive documents have been produced. As a result, Defendant need not supplement this response.

**REQUEST FOR PRODUCTION NO. 2:** Produce all reports, memos and investigations to include video of Plaintiff Ronald W. Collins interview taken or obtained, created by defense witness Lieutenant Kristopher Ledingham relevant to this case as well as any information surrounding the facts, circumstances and allegations in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Defendant objects to Request for Production No. 2 as impermissibly argumentative because it forces the adoption of the facts not in evidence, namely that Lt. Ledingham obtained video footage on May 4, 2022.

Defendant objects to Request for Production No. 2 because it is vague and ambiguous as to the word "investigations" which is not defined and can be reasonably interpreted to request production of things which are intangible and non-electronic, leaving Defendant unable to ascertain the call of the request without assuming Plaintiffs meaning.

Defendant objects to Request for Production No. 2 as irrelevant, over broad, and outside the scope of limited discovery to the extent Plaintiff requests documents regarding all of the "the facts, circumstances and allegations in the Complaint," as discovery is limited to Plaintiffs remaining excessive force claim against Defendant Swartz. ECF No. 291 at 2:5-12.

Notwithstanding these objections, and without waving the same, Defendant responds/answers as follows: Please see responsive documents previously produced with Defendants' Initial and Supplemental Disclosures, Bates stamped NDOC000294 through NDOC000295 and NDOC00 1873. Defendant is unable to locate any responsive video footage within his possession, custody, or control.

**RULING**: Objections that a request assumes facts not in evidence, calls for speculation, or lacks foundation are not proper in the course of written discovery. *See Garcia v. Clark*, 2012 WL 1232315, at *2, *12 (E.D. Cal. Apr.12, 2012). This Court extends the ruling to the objection that the request is argumentative.

Based on Defendant's arguments presented at the hearing this Court overrules the objection that the request is ambiguous.

This Court sustains the relevance objection to the extent that it is not related to the surviving claims.

Based on Defendant's representation all responsive documents have been produced. As a result, Defendant need not supplement this response.

This Court will order Defendant to submit a declaration describing the steps taken to determine whether any such footage had been recorded by anyone at the facility, the efforts made to locate any such footage, and the results of that inquiry.

**REQUEST FOR PRODUCTION NO. 3:** Produce all reports, memos and investigations by defense & Plaintiffs witness Brian Shields, Inspector General relevant to this case as well as any information surrounding the facts, circumstances and allegations in the Complaint. Because Martha Collins called to file a complaint within this witness and office any and all reports are relevant to this case and Plaintiff requests them.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Defendant objects to Request for Production No. 3 because it is vague and ambiguous as to the word "investigations" which is not defined and can be reasonably interpreted to request

production of things which are intangible and non-electronic, leaving Defendant unable to ascertain the call of the request without assuming Plaintiff's meaning. Defendant objects to Request for Production No. 3 as irrelevant, over broad, and outside the scope of limited discovery to the extent Plaintiff requests documents regarding all of the "the facts, circumstances and allegations in the Complaint," as discovery is limited to Plaintiffs remaining excessive force claim against Defendant Swartz. ECF No. 291 at 2:5-12.

Notwithstanding these objections, and without waving the same, Defendant responds/answers as follows: Please see responsive documents previously produced with Defendants' Initial and Supplemental Disclosures, Bates stamped NDOC000294 through NDOC000295 and NDOCO0 1873.

**RULING**: Based on Defendant's arguments presented at the hearing this Court overrules the objection that the request is ambiguous.

This Court sustains the relevance objection to the extent that it is not related to the surviving claims. Based on Defendant's representation all responsive documents have been produced. As a result, Defendant need not supplement this response.

**REQUEST FOR PRODUCTION NO. 4:** Produce all materials showing complaints made by prisoners against the defendants for excessive force. All internal NDOC investigations submitted surrounding any investigation. Complaints regarding excessive force made alleged towards the defendants as well as any disciplinary records regarding same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Defendant objects to Request for Production No. 4 as improperly compound with at least two discrete subparts, calling for Defendant to produce: (1) disciplinary records and any "complaints made by prisoners against the defendants for excessive force;" and (2) "[a]ll internal NDOC investigations submitted, surrounding any investigation."

Defendant objects to Request for Production No. 4 as irrelevant, over broad, overly burdensome, outside the scope of limited discovery, and not limited as to timeframe, because: a request for "all" materials and "all" internal NDOC investigations surrounding "any" investigation would sweep in materials irrelevant to Plaintiffs claims; the request itself is far and away disproportionate to Plaintiffs needs; and producing documents from every single internal investigation NDOC has ever conducted would be practically infeasible given Plaintiffs incarceration.

Defendant objects to Request for Production No. 4 because it is vague and ambiguous as to the phrase "materials showing complaints made by prisoners" and the use of the word "defendants," which are subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiffs meaning.

Defendant objects to Request for Production No. 4 as irrelevant, over broad, overly burdensome, outside the scope of limited discovery, and not limited as to timeframe, because: a request for "all materials showing complaints made by prisoners against the defendants for excessive force" and "[c]omplaints regarding excessive force made alleged towards the defendants" will necessary sweep in

"materials" concerning incidents unrelated to Plaintiffs remaining excessive force claim; the request itself is far and away disproportionate to Plaintiffs needs in this case; producing all document showing all complaints of excessive force by an inmate against Defendant would be infeasible given Plaintiffs current incarceration; and such would far exceed Defendant and his counsel's capacity to review and produce NDOC records.

Defendant objects to Request for Production No. 4 to the extent Plaintiff requests other inmate's records which Plaintiff is not permitted to access under Administrative Regulation 569.

Defendant objects to Request for Production No. 4 to the extent Plaintiff requests inmate's medical records and information which Plaintiff is not permitted to access under Administrative Regulation 639, and which Defendant is not permitted to produce pursuant to HIPAA.

Defendant objects to Request No. 4 because records and information regarding Defendant's employee disciplinary history are confidential under NAC 284.718(1)(j) and is subject to the qualified privilege for official information. *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1033 (9th Cir. 1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial ofreh1g (May 24, 1991) (citing *Zaustinsky v. University of Cal.,* 96 F.R.D. 622,625 (N.D.Cal.1983), affd, 782 F.2d 1055 (9th Cir.1985)).

Defendant objects to Request No. 4 because it is vague and ambiguous as to the phrase "disciplinary record" which is not defined and subject to more than one reasonable interpretation, leaving Defendant unable to ascertain the call of the request without assuming Plaintiffs meaning.

Based on the foregoing objections, no responsive documents will be forthcoming.

**RULING**: This Court agrees that this is a compound request. Nevertheless, because the Federal Rules do not limit the number of requests that may be propounded, the fact that this request is compound does not provide a basis to sustain the objection. Accordingly, the objection is overruled.

The relevance objection is sustained to the extent it includes investigations not relevant to the surviving claim and to three years prior to the incident in question.

Other incidents regarding the use of excessive force by this defendant (and not other defendants which have been dismissed) are relevant, subject to the above limitations on scope. For the same reasons as those stated above, the vague and ambiguous objections are overruled. Swartz must produce responsive documents subject to a privilege log, if one is applicable.

## II.    Motions to Extend Deadlines (ECF Nos. 321 and 339)

This Court finds good cause to extend all deadlines by 60 days given the ruling above.

Discovery Deadline: September 14, 2026

Dispositive Motions October: 14, 2026

Joint Pretrial Order: November 14, 2026, or 30 days after the entry of a dispositive order, if applicable.

**III.    Conclusion**

**IT IS ORDERED** that the motions to compel (ECF Nos. 311 and 323) are GRANTED in part and DENIED in part consistent with this order.

**IT IS FURTHER ORDERED** that Defendant's motion to extend deadlines (ECF No. 321) is GRANTED nunc pro tunc finding good cause and excusable neglect as stated above.

**IT IS FURTHER ORDERED** that Plaintiff's motion to extend deadlines (ECF No. 339) is GRANTED consistent with the deadlines provided above.

DATED: July 13, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE